UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>RED ROCKS LLC, et al.,<br><br>  Defendants. | Case No. 15-mc-80173-KAW<br><br>**ORDER DENYING JUDGMENT DEBTOR MARCY M. LINDGREN'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 5 |

On November 6, 2012, Plaintiff and Judgment Creditor Ronald L. Anderson obtained a judgment in the amount of $2,900,730.57 against Judgment Debtors Red Rocks, LLC, J. Chris Lindgren and Marcy M. Lindgren in the United States District Court, District of South Carolina. (*See* Judgment, Dkt. No. 1.) On June 19, 2015, the judgment was registered in the United States District Court for the Northern District of California. (Dkt. No. 1.) Thereafter, Judgment Creditor caused a writ of execution to be issued on the Judgment. (Dkt. No. 4.)

On August 13, 2015, Judgment Debtor Marcy M. Lindgren filed a motion to dismiss for lack of personal jurisdiction. (Def.'s Mot., Dkt. No. 5.) A judgment creditor, however, may bring an action to enforce a judgment in any district court. *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1123 (9th Cir.2010). Debtor concedes that she is an independent consultant for Rodan + Fields, LLC, a California entity. (Def.'s Mot. at 2.) Debtor contends, however, that she receives her compensation through an independent third party entity located in Vancouver, Canada. *Id.*

In opposition, Judgment Creditor provides that he registered the judgment in this district, because Debtor's commissions originate here. (Pl.'s Opp'n, Dkt. No. 7 at 4.) Debtor's unsupported claim that the third party payroll company precludes enforcement is unavailing, as any garnishment would involve Rodan + Fields, LLC.

Moreover, a judgment debtor may only attack the judgment in the registering district if the

original district court did not have jurisdiction over the judgment debtor in those proceedings. *See Straitshot Commc'ns, Inc. v. Telekenex, Inc.*, 2012 WL 4105125, at *2 (N.D. Cal. Sept. 17, 2012) (citing *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1123 (9th Cir. 2010). Here, Debtor states that jurisdiction was proper in South Carolina, where the case arose and where judgment was entered. (Def.'s Mot. at 2-3.) Thus, both the judgment itself and the registration in the Northern District of California are valid, rendering Debtor's assets subject to enforcement execution within this district.

Accordingly, the Court finds that this matter is suitable for resolution without oral argument pursuant to Civil L.R. 7-1(b), and DENIES Debtor's motion to dismiss for lack of jurisdiction.

IT IS SO ORDERED.

Dated: September 29, 2015

KANDIS A. WESTMORE
United States Magistrate Judge